392 So.2d 113 (1980)
Walter H. BROWN
v.
STATE of Louisiana, etc., et al.
No. 13584.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
*114 Garic K. Barranger, Covington, for plaintiff-appellant Walter H. Brown.
Thomas F. Wade, Baton Rouge, for defendants State of Louisiana through the Department of Correction et al.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
This is a suit filed by an inmate at Louisiana State Penitentiary alleging neglect or improper medical care while confined to the prison hospital at Angola, Louisiana.
Plaintiff, a paraplegic, was received at the prison on March 27, 1973 while suffering from various illnesses involving his legs and the lower parts of his body, including a kidney infection and decubitus ulcers.
In well written reasons for judgment, the trial judge found as follows:
"The record is exhaustive regarding plaintiff's medical condition during his incarceration at Angola and during his stays at Charity Hospital in New Orleans and Greenwell Springs Hospital. While in Angola, his condition deteriorated. Later, after treatment at Charity Hospital in New Orleans, his condition improved. When discharged from Angola, his medical condition was better than when he entered.
"The duty of the Louisiana Department of Corrections is to furnish reasonable and adequate medical care. In the opinion of the Court, the Department has fulfilled its duty, with one exception to be discussed later.
"A review of the evidence shows that plaintiff had many ups and downs. He was not an easy patient to treat or control. Most of plaintiff's complaints concern his condition which required a lot of attention. He felt that he wasn't getting the proper amount of attention and treatment. He also complained about the doctor's choice of medication. He was seen frequently by the doctors and given medication. Considering his condition when he entered the penitentiary and the treatment he received while there, the Court finds that he did not receive `ideal' or `perfect' care, such as would have been afforded him in a private hospital. But the care he did receive was adequate and reasonable.
"The only instance where the Department breached its duty relates to Dr. Nason having plaintiff placed in a locked room for nine days. Whatever Dr. Nason's reasons were, they were not reasonable. Plaintiff could not get his wheelchair into the shower nor could he move his bowels normally. He was forced to use his hands to void his bowels and was forced to do without a bath or shower *115 during this nine day period. For this the Department is liable to plaintiff in the sum of $2,500.00.
"Plaintiff also complains about being burned in a tub of hot water. The evidence shows that the tub in question could be filled only with hot water and that the patients-inmates were required to wait until the water cooled. Plaintiff knew of this problem. Without waiting and without testing the water, he placed himself in the tub and suffered burns to his lower body.
"The Court finds that the Department was not negligent for permitting this `hot water only' condition to exist, because all of the patients were suitably warned. Even if it could be said that the Department was negligent, plaintiff was guilty of gross contributory negligence by knowing of the hot water problem, by failing to wait for the water to cool and by failing to test the water prior to getting in the tub."
The standard of care imposed upon the Department of Corrections in providing for the medical needs of inmates is that those services be reasonable. Moreau v. Department of Corrections, 333 So.2d 281 (La.App. 1st Cir. 1976); Dancer v. Department of Corrections, 282 So.2d 730 (La.App. 1st Cir. 1973).
The statutory authority imposing this duty is found in LSA-R.S. 15:760 which provides:
"Where large numbers of prisoners are confined the proper authorities in charge shall provide hospital quarters with necessary arrangement, conveniences, attendants, etc."
Factual findings by the trial court are entitled to great weight and will not be disturbed on appeal absent a finding of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Appellant contends that the award is insufficient. However, under LSA-C.C. art. 1934(3) "much discretion must be left to the [trial] judge or jury ...." Also see Reck v. Stevens, 373 So.2d 498 (La.1979). Although the award is modest, we cannot say that the record clearly reveal(s) that the trier of fact abused its discretion in making its award." Coco v. Winston Industries, 341 So.2d 332, 335 (La.1977).
We find no error in the trial court's findings. Therefore, the judgment of the trial court is affirmed, appellant to pay all costs of this appeal.
AFFIRMED.