734 So.2d 810 (1999)
Daniel ROBINSON
v.
Richard STALDER, et al.
No. 98 CA 0558.
Court of Appeal of Louisiana, First Circuit.
April 1, 1999.
*811 Daniel Robinson, Angola, Plaintiff/Appellant, in pro. per.
Winnifred A. Hollingsworth, David G. Sanders, Baton Rouge, Counsel for Defendants/Appellees, Richard Stalder, et al.
Before: CARTER, C.J., SHORTESS and WHIPPLE, JJ.
WHIPPLE, J.
This case is before us on appeal from an administrative remedy procedure ("ARP"). The inmate plaintiff, an amputee, initially sought administrative remedies claiming he was forced to walk on wet surfaces with crutches, which he contended was unsafe given his medical condition. He requested that the Department of Public Safety and Corrections ("the Department") repair or replace his artificial leg, which had been in his personal possession upon being confined to the Department, but which had been unusable since 1994, and that the Department replace his worn orthopedic shoes for use with the artificial limb. Plaintiff further requested that the Department provide him with a wheelchair to use when required by wet floor conditions pending repair or replacement of his artificial leg .In its second step response, the Department noted that plaintiff's prosthesis could no longer be modified or repaired for fit or function. The Department asserted that it was not required to replace artificial limbs for inmates. Thus, the Department's response was to grant plaintiff's request for a wheelchair. The wheelchair was issued to plaintiff on October 11, 1995. Plaintiff was also given a referral to the Orthopedic Clinic regarding his request for replacement of his orthopedic shoes.
Dissatisfied with the Department's response, plaintiff sought judicial review of the ARP. Following a hearing, during which plaintiff was allowed to present oral argument, the trial court rendered judgment in favor of the Department, dismissing plaintiff's suit. From this judgment, plaintiff appeals.

DISCUSSION
Plaintiff asserts that the trial court erred in accepting as evidence the administrative record offered by the Department, which he contends was a violation of LSA-R.S. 49:955 and 956 of the Louisiana Administrative Procedure Act ("APA"). He argues that because no testimony or documentary evidence was offered by the Department at the hearing before the trial court, plaintiff was not afforded a fair opportunity "to rebut or cross-examine, the offending documents," in violation of his substantive and procedural due process rights. Plaintiff further contends that the trial court's ruling, which was supported only by hearsay evidence, was not supported by sufficient evidence and must be reversed.
Through the Corrections Administrative Remedy Procedure Act, LSA-R.S. 15:1171, et seq., the prison systems were given authority to adopt procedures for offenders to produce evidence to substantiate their claims. Blackwell v. Louisiana Department of Public Safety and Corrections, 96-0954, p. 6 (La.App. 1st Cir.2/14/97); 690 So.2d 137, 141, writ denied, 97-1158 (La.9/5/97); 700 So.2d 507. A simple review of the Act evidences that its procedures are designed primarily as an internal investigative and information-gathering mechanism, a function of particular importance in the prison setting, since most, if not all, of the evidence is at the prison itself. Blackwell, 96-0954 at p. 9; 690 So.2d at 142.
Moreover, hearsay evidence is admissible in such administrative proceedings. The APA permits admission of any evidence which possesses "probative value commonly accepted by reasonably prudent men in the conduct of their affairs," subject to objections of irrelevancy, immateriality, incompetency or repetitiousness.[1] *812 LSA-R.S. 49:956(1); Fisher v. Louisiana State Board of Medical Examiners, 352 So.2d 729, 731 (La.App. 4th Cir.1977), writ refused, 353 So.2d 1338 (La.1978).
The Corrections Administrative Remedy Procedure promotes the State's interest in prompt and fair internal resolution of inmate grievances and, consequently, does not violate an inmate's right to substantive due process. Blackwell, 96-0954 at p. 11; 690 So.2d at 143. Furthermore, an inmate's right to procedural due process is satisfied by the availability of judicial review. Blackwell, 96-0954 at p. 11; 690 So.2d at 143.
Pursuant to the Corrections Administrative Remedy Procedure Act, review of a decision by the Department made in the course of the Corrections Administrative Remedy Procedure shall be conducted by the court without a jury and shall be confined to the record. The review shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. LSA-R.S. 15:1177(A)(5).
Thus, under the statutory framework of the Corrections Administrative Remedy Procedure Act, the opportunity for the parties to present evidence occurs at the administrative level, not at the trial court level, and review by the trial court is limited to the record established at the administrative level, absent alleged irregularities in the procedure. See LSA-R.S. 15:1177(A)(5). Plaintiff's contentions that the trial court erred in considering the administrative record in rendering a decision and that the Department should have been required to offer testimony or documentary evidence at the trial court level are without merit.
Furthermore, we note that the facts herein are not truly in dispute. Simply stated, plaintiff requested that his prosthesis be repaired or replaced by the Department. The Department, noting that the prosthesis was beyond repair and that purchase of a new prosthesis was cost-prohibitive, provided plaintiff with a wheelchair for use in the wet conditions of which plaintiff had complained. Rather than a challenge to the factual findings of the Department, plaintiff's challenge to the Department's resolution of his grievance concerns the legal issue of whether the Department is required to repair or replace the prosthesis, rather than merely providing him with other means of mobility.
The standard of care imposed upon the Department of Public Safety and Corrections in providing for the medical needs of inmates is that those services be reasonable.[2]Elsey v. Sheriff of Parish of East Baton Rouge, 435 So.2d 1104, 1106 (La. App. 1st Cir.), writ denied, 440 So.2d 762 (La.1983); Jacoby v. State, 434 So.2d 570, 573 (La.App. 1st Cir.), writ denied, 441 So.2d 771 (La.1983); Brown v. State, 392 So.2d 113, 115 (La.App. 1st Cir.1980).
As noted in the Commissioner's Report, the Department repaired and/or altered plaintiff's prosthetic device on several occasions over the years. However, alteration of the prosthesis to properly fit *813 plaintiff is no longer possible. The Commissioner further noted:
The record reflects that the Petitioner's prosthetic device was his own personal property, brought with him to the Department at the time of his incarceration, and there is nothing in the record to indicate that the Department has refused or failed to allow him to replace it at his own expense. The record further indicates that the Department's response to the Petitioner's unfortunate situation, appears to have been reasonable and adequate, and partially in accord with the initial request of the Petitioner in his request for administrative remedies.
We agree with the Commissioner that the Department's actions in furnishing plaintiff with crutches and a wheelchair for use in wet conditions satisfied its obligation to provide reasonable medical care to plaintiff. After repairing plaintiff's prosthesis on several occasions, until repair was no longer feasible, the Department provided plaintiff with alternative reasonable means of mobility. We find no error of law in the Department's conclusion that it was not obligated to replace plaintiff's prosthetic device and, consequently, affirm the trial court's dismissal of plaintiff's petition for judicial review with prejudice. LSA-R.S. 15:1177(A)(9)(a).

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff, Daniel Robinson.
AFFIRMED.
NOTES
[1] The APA, LSA-R.S. 49:950 et seq., is applicable to administrative proceedings held pursuant to the Corrections Administrative Remedy Procedure Act. LSA-R.S. 15:1171(B); Tatum v. Lynn, 93-1559, p. 2 (La.App. 1st Cir.5/20/94); 637 So.2d 796, 797.
[2] The statutory authority imposing this duty is found in LSA-R.S. 15:760 and 15:831. Moreau v. State Through Department of Corrections, 333 So.2d 281, 283-284 (La.App. 1st Cir.1976). Revised Statute 15:760 provides as follows:

Where large numbers of prisoners are confined the proper authorities in charge shall provide hospital quarters with necessary arrangement, conveniences, attendants, etc.
Pursuant to LSA-R.S. 15:831(A), the Secretary of Public Safety and Corrections "shall establish and shall prescribe standards for health, medical, and dental services for each institution, including preventive, diagnostic, and therapeutic measures on both an outpatient and a hospital basis, for all types of patients."