RGUIDRY, J.
This is an action for judicial review of a corrections administrative remedy procedure. On appeal, appellants, Major Mills and Colonel Robinson, appeal from a district court judgment in favor of appellee, Robert McDowell, in the amount of $3,000.00. We reverse and reinstate the agency’s decision.
FACTS AND PROCEDURAL HISTORY
Appellee is a former inmate at the David Wade Correctional Center (“WCC”) in .Ho *1150 mer, Louisiana.[1] On June 10 and 11, 1997, appellee was required to work in the prison garden. According to appellee, he was allowed to work while sitting on a bucket on the 10th; but the bucket was taken away on the 11th, and he was required to use a hoe while working. According to appellee, as a result of being required to do garden work with a hoe, he aggravated his previous neck and back condition.
According to the request for administrative remedy completed by appellee, because of a back and neck surgery' related to a previous on-the-job injury, he was restricted from working, bending, stooping and standing and was 100 percent disabled. However, according to WCC staff, the work he was required to do was not in , violation of his assigned medical duty status. Appellee’s duty status, prior to the dates in question, specified “limited” stooping, bending and lifting, but did not specify “no” stooping, bending and lifting.
Appellee filed a request for administrative remedy which was denied at all three steps of the administrative remedy process. On December 10, 1997, appellee filed a petition for judicial review against four defendants, | ¡¡including appellants.[2] Appellants answered the petition, denying the allegations made by appellee. Oral, argument and the testimony of appellee was heard by the commissioner on January 12, 1999. On February 25, 1999, the commissioner issued a report recommending that the district court find appellants, in their official capacities, liable to appellee for their negligence and award damages to appellee in the range of $1,500.00 to $3,000.00. A judgment in accordance with the commissioner’s recommendations was rendered in favor of appellee and against appellants, in their official capacities, awarding appellee the amount of $3,000.00 for pain and suffering dhe to the aggravation of his pre-existing medical condition. From this judgment, appellants now appeal.
ASSIGNMENTS OF ERROR
Appellants assert the following assignments of error:
1. The District Court erred when it rendered judgment in favor of inmate McDowell and against defendants Robinson and Mills for claims that were not raised against them in either inmate McDowell’s Administrative Remedy Procedure (ARP) or his petition for judicial review.
2. The District Court erred when it reversed the final agency decision in ARP No. WCC-97-0712 and awarded damages to inmate McDowell.
DISCUSSION
This action is governed by the Corrections Administrative Remedy Procedure Act (the “CARP Act”).
The [CARP] Act gave the prison systems authority to adopt procedures for offenders to produce evidence to substantiate their claims and to promulgate rules and regulations governing the recommendation, review and approval of an award for monetary relief. La. R.S. 15:1171. The procedural rules adopted by the department in accordance with La. R.S. 15:1171 et seq. can be summarized as follows:
14An inmate’s request for administrative relief is initiated by writing a letter to the unit head setting forth the basis for the claim and the relief sought. Prior to assignment to the formal three step process, the unit head screens the request for completeness. The first step review process is categorized in the rules as an “information-gathering step” in which the unit head is encouraged to refer the request to the staff member who can *1151 best afford the inmate’s relief request, and then to refer the matter to that staff member’s supervisor.
If the offender is not satisfied with the results of the first step request, he may request second step review from the unit head. At the third step, the offender may appeal to the Secretary of the Department of Corrections. The rules relating to review at this stage merely state that “a final decision will be made by the secretary and the offender will be notified by mail postmarked within 40 days of the receipt of the appeal by Internal Affairs.” The third step review rules conclude by requiring that a copy of the appeal and the secretary’s response be sent to the unit head for filing. If the Secretary determines that monetary damages are appropriate to render a fair remedy, the Internal Affairs section of the Department is required to consult with the Department’s Legal Section to determine whether monetary damages are a fair and just remedy.
The rules also include a requirement that the offender seek judicial review of the Secretary’s decision within thirty days after receipt and signing for the decision. The remaining rules deal primarily with emergency review provisions, record keeping, and policy matters.
By virtue of La. R.S. 15:1172 A, these' procedures provide the exclusive remedy available to inmates for preserving a cause of action against the department or its employees. La. R.S. 15:1172 B precludes a state court from entertaining an offender’s complaint which falls under the purview of the administrative remedy procedure until the offender has exhausted the remedies provided to him by the act.
Blackwell v. Louisiana Dept. of Public Safety and Corrections, 96-0954, 96-0955, pp. 6-7 (La.App. 1st Cir.2/14/97), 690 So.2d 137, 141, writ denied, 97-1158 (La.9/5/97), 700 So.2d 507.
Judicial review of the Department’s decision is provided for in La. R.S. 15:1177. Paragraph (5) of Subsection (A) confines the court’s review to the record and limits it to the issues presented in the petition for review and the administrative remedy request filed at the agency level.
|sThe court may dispose of the case in one of several ways. The court may affirm the agency’s decision or remand the matter for further proceedings or order that additional evidence be taken. La. R.S. 15:1177(A)(8). Only if substantial rights of the appellant have been prejudiced may the court reverse or modify the decision. In order for appellant’s rights to be prejudiced, the administrative findings, inferences, conclusions, or’ decisions must be: (a) in violation of[1] constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law;' (e) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (f) manifestly erroneous in view: of the reliable, probative and substantial evidence on the whole record. La. R.S. 15:1177 (A)(9)(a) — (f).
At the outset, we note that the district court clearly exceeded its authority under the CARP Act. As previously stated, absent alleged irregularities in the procedure, the review by the district court “shall be confined to the record” and “shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level.”[3] The court had no authority to accept the testimony of appellee at the hearing. Thus, we do not consider the testimony as part of the record on appeal. Instead, the record consists only of the administrative *1152 record.' The issues on appeal are those presented in the petition for review filed at the district court level and the administrative remedy request-filed at the agency level.
|fiIn appellee’s June 17, 1997 request for administrative remedy, he alleged that on June 11, Sgt. Hubary made him use a hoe to work and took away the bucket he had used on June 10. While he alleges that Col. Robinson was in the . garden on the' morning of June 10, he fnakes no further allegations regarding Col. Rob1 inson. Major Mills is not mentioned in the request.
In his petition for judicial review, appel-lee alleges that he suffered injury “as the result of the negligence rendered by the defendants.” He..states that the defendants’ negligence was the actual and, proximate cause of his injuries. However, he fails to articulate any specific acts on the part of appellants amounting to negligence. Thus, while appellee may very well have sustained injuries as a result of the June 11, 1997 incident, he has failed to show on the record properly before this court that the injuries were caused by appellants. Accordingly, we reverse the judgment of the district court-in favor of appellee and against appellants.
CONCLUSION
For the foregoing reasons, the judgment of the district court is reversed. The decision of the Louisiana Department of Public Safety and Corrections, Corrections Services, denying appellee’s request for relief is reinstated. Costs are assessed to appel-lee, Robert McDowell.
REVERSED AND RENDERED.

. Documentation in the record indicates thát appellee was released on parole subsequent to his filing the petition for judicial review.

. The other two defendants, Susan Taylor and Dr. Belick, were dismissed from the suit. Ap-pellee has not appealed the dismissal; thus, it is not an issue in this appeal.

. We note that the court had the authority to order that additional evidence be taken before the agency upon conditions determined by the court or to remand the case for further proceedings. See La. R.S. 15:1177(A)(4) & (8). The court did neither.