FRANK MILLSAP, JR.
v.
BURL CAIN, WARDEN, LOUISIANA STATE PRISON, AND RICHARD STALDER, SECRETARY OF CORRECTIONS
No. 2009 CA 0511.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication.
FRANK MILLSAP, Jr., Louisiana State Prison Plaintiff/Appellant, pro se.
TERRI L. CANNON, Counsel for Defendant/Appellee, Louisiana Department of Public Safety & Corrections
Before: WHIPPLE, GUIDRY and HUGHES, JJ.
WHIPPLE, J.
This is an appeal by plaintiff, Frank Millsap, Jr., an inmate in the custody of the Louisiana Department of Public Safety and Corrections (the DPSC), from a judgment of the Nineteenth Judicial District Court dismissing his petition for judicial review of a grievance he filed with the DPSC pursuant to the Corrections Administrative Remedy Procedure (CARP), LSA-R.S. 15:1171, et seq.
On November 22, 1971, plaintiff was sentenced to forty years at hard labor without benefit of probation or parole for an armed robbery conviction. On July 18, 2007, plaintiff filed a grievance under CARP, alleging that he was overdue for release when the three years, ten months and one day of good time credits he had earned were factored into his sentence. Plaintiff contended that while the DPSC had added twenty-nine years to his forty-year sentence based on "allegations of escape," he had been found not guilty of the charge of escape. Thus, he contended that the DPSC was without authority to alter the sentence of the sentencing court.
Plaintiffs request for an administrative remedy was denied in both steps at the administrative level. In the second-step response, the DPSC found that plaintiff had escaped on August 8, 1973, remaining out of custody until July 3, 1976, and had again escaped on June 22, 1978, remaining out of custody until January 28, 2004. Thus, the DPSC concluded that plaintiffs time had been correctly calculated.
Plaintiff then instituted a petition for judicial review in the district court below. Following a hearing before the District Court Commissioner, at which the Commissioner accepted evidence to expand the administrative record, the Commissioner recommended that the agency decision be affirmed and that plaintiffs request for judicial review be dismissed with prejudice. The district court then rendered judgment in accordance with the Commissioner's recommendation. Plaintiff now appeals, contending in his original and supplemental briefs that: (1) the Commissioner erred and exceeded the authority of the district court by expanding the administrative record at the district court level with documents not developed at the administrative proceedings level; (2) the Commissioner erred in his recommendation by considering only physical custody in the calculation of plaintiffs sentence; (3) the Commissioner's recommendation violates the United States and Louisiana Constitutions, by twice placing plaintiff in jeopardy for the same offense, given the verdict of acquittal on an escape charge following one of his alleged escapes; and (4) the DPSC's allegation in the instant CARP that plaintiff was out of custody by way of escape should have been barred by res judicata, LSA-R.S. 13:4231.
Turning to plaintiffs first argument regarding the Commissioner's lack of authority to admit evidence at the district court level to expand the administrative record, we note that, pursuant to CARP, the opportunity for the parties to present evidence occurs at the administrative level, not at the district court level. Robinson v. Stalder, 98-0558 (La. App. 1st Cir. 4/1/99), 734 So. 2d 810, 812. The review by the district court "shall be confined to the record" established at the administrative level, absent alleged irregularities in the procedure. LSA-R.S. 15:1177(A)(5); Robinson, 734 So. 2d at 812. The district court has no authority to accept evidence or testimony at the hearing on review. See McDowell v. Taylor, 99-1587 (La. App. 1st Cir. 6/23/00), 762 So. 2d 1149, 1151. Rather, the district court has the authority to order that additional evidence be taken before the agency upon conditions determined by the court or to remand the case for further proceedings. LSA-R.S. 15:1177(A)(4) & (A)(8); McDowell, 762 So. 2d at 1151 n.3; see also State ex rel. Robinson v. Cain, 99-2986 (La. 8/31/00), 766 So. 2d 1268.
Considering the foregoing, we conclude that the Commissioner erred in allowing the DPSC to introduce evidence in the district court, which expanded the administrative record at the district court level.[1] If further evidence was needed, the remedy was to order that such additional evidence be taken before the agency, i.e., before the DPSC. McDowell, 762 So. 2d at 1151-1152 & n.3.
Accordingly, in reviewing the agency decision herein, we have confined our review to the evidence appearing in the "administrative record" as established before the DPSC and find no merit to appellant's claims. A review of plaintiffs master prison record indicates that plaintiff escaped from the custody of the DPSC on August 9, 1973, and was subsequently returned to custody on July 8, 1976, and that plaintiff again escaped from the custody of the DPSC on June 22, 1978 and was not recaptured until January 28, 2004.
Moreover, we find no merit to plaintiffs argument that the Commissioner erred by considering only physical custody in the calculation of plaintiffs sentence. Plaintiff contends that his sentence was being served while he was either in the physical or legal custody of the DPSC and, thus, that the DPSC erred in adding twenty-nine years to his original full-term date based on his escapes. Plaintiff is correct in his assertion that a sentence is being served whenever the offender is in the physical or legal custody of the DPSC. Parkerson v. Lynn, 556 So. 2d 91, 95 (La. App. 1st Cir. 1989), writ denied, 563 So. 2d 1151 (La. 1990). However, plaintiff is incorrect in his assertion that he was in the legal custody of the DPSC, for purposes of computation of his time served on his sentence, during the time periods in which he had absconded. Rather, an offender remains in the legal custody of the DPSC, although no longer in physical custody, when he is on probation or parole. Parkerson, 556 So. 2d at 95. Conversely, we conclude that, during the periods when plaintiff was out of the custody of the DPSC due to his escapes, he was not in the physical or legal custody of the DPSC for purposes of computation of the time served on his sentence. Accordingly, we find no merit to this argument.
We likewise find no merit to plaintiffs double jeopardy argument. The Fifth Amendment to the United States Constitution and Louisiana Constitution article I, sec. 15 provide that no person shall twice be placed in jeopardy for the same offense. These clauses protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. State v. Duncan, 98-1730 (La. App. 1st Cir. 6/25/99), 738 So. 2d 706, 709, writ denied, 96-2571 (La. 3/21/97), 691 So. 2d 81. However, action taken by a disciplinary board against a prison inmate generally provides no basis for a plea of double jeopardy. Duncan, 738 So. 2d at 709. In determining whether a criminal prosecution and another penalty in a separate proceeding violate double jeopardy, this court employs a two-part test utilized by the United States Supreme Court. First, were the proceedings intended to be criminal or civil in nature? Second, were the proceedings so punitive in form and effect as to render them criminal, despite legislative intent to the contrary? To satisfy the latter prong, the "clearest proof is necessary to show that the sanction is criminal and not civil. Duncan, 738 So. 2d at 710 (quoting United States v. Ursery, 518 U.S. 267, 289, 116 S. Ct. 2135, 2147-2148, 135 L. Ed. 2d 549 (1996)).
On appeal, plaintiff essentially asserts that his acquittal of the charge of escape in the Nineteenth Judicial District Court prevents the DPSC from twice placing him in jeopardy for the same offense by adding twenty-nine years to the original full-term date of his sentence. However, we conclude that, because the actions of the DPSC do not constitute a criminal sanction or punishment, the double jeopardy clauses of the United States and Louisiana Constitutions are not implicated.
In State v. Duncan, this court considered whether an inmate's loss of good time credits and the imposition of a fine in a DPSC disciplinary proceeding for his escape from custody in addition to a two and one-half year criminal sentence for simple escape constituted two punishments for the same offense. With regard to the first Ursery prong, the court concluded that administrative disciplinary proceedings for forfeiture of good time and to impose restitution were intended to be civil in nature. Duncan, 738 So. 2d at 710 & 711. Regarding the second Ursery prong, this court further concluded that the "clearest proof that these sanctions were criminal in nature had not been shown. Duncan, 738 So. 2d at 711-712. Accordingly, because the sanctions imposed in the administrative disciplinary proceedings were civil in nature, there was no violation of the Double Jeopardy Clause. Duncan, 738 So. 2d at 710-712.
Applying this analysis to the present case, we note that the actions of the DPSC of which plaintiff complains do not even involve sanctions imposed in a disciplinary proceeding, but, rather, the purely administrative, and civil, function of the DPSC in computing or calculating the time plaintiff has served on his sentence. Moreover, an inmate, in being sentenced for a crime for which he is convicted, is required to satisfy that sentence, subject to credits for good time and the possibility, in some instances, of parole or probation. See LSA-C.Cr.P. arts. 890, 897, & 898; LSA-R.S. 15:565-15:574.44; see generally Parkerson, 556 So. 2d at 93-95. Thus, the DPSC's actions in computing plaintiffs sentence, without giving him credit for time when he was out of custody due to escape, are not such "punitive" actions as would render those actions a criminal sanction. See Duncan, 738 So. 2d at 711-712. Accordingly, the DPSC's calculation of plaintiffs sentence herein did not constitute the imposition of a criminal penalty for double jeopardy purposes.
Finally, we also find no merit to plaintiffs contention that, pursuant to LSA-R.S. 13:4231, the DPSC was barred from considering the time periods that plaintiff was out of custody in the computation of the time he has served, given that on November 2, 2006, plaintiff was acquitted of the criminal charge of escape arising out of his June 22, 1978 escape. While the res judicata statute, LSA-R.S. 13:4231, does preclude subsequent litigation of causes of action arising out of the transaction or occurrence that was the subject matter of prior litigation and precludes relitigation of issues actually litigated and determined, these prohibitions apply only where the prior valid and final judgment was rendered between the same parties. See Foley v. Entergy Louisiana, Inc., XXXX-XXXX (La. 11/29/06), 946 So. 2d 144, 156 n.4, and Five N Company, L.L.C. v. Stewart, XXXX-XXXX (La. App. 1st Cir. 7/2/03), 850 So. 2d 51, 61-62. Pretermitting whether plaintiff could ever establish the other essential elements of res judicata, we note, as did the Commissioner, that plaintiff has failed to establish identity of the parties in his criminal prosecution, where the party opposing him was the District Attorney for East Baton Rouge Parish and the instant dispute, where the party opposing him is the DPSC. Accordingly, we find no error in the Commissioner's conclusion that the doctrine of res judicata does not preclude the DPSC from considering the time periods when plaintiff was out of custody in computing the time he has served toward his sentence. This argument also lacks merit.

CONCLUSION
For the above and foregoing reasons, the September 15, 2008 judgment of the district court, dismissing plaintiffs petition for judicial review, with prejudice, is affirmed. Costs of this appeal are assessed against plaintiff, Frank Millsap, Jr.
AFFIRMED.
NOTES
[1] The evidence introduced by the DPSC, to which plaintiff objected, included, among other things: (1) the June 22, 1978 and August 9, 1973 fugitive warrants; (2) a guilty plea by plaintiff to a Disciplinary Rule 8 violation for the June 22, 1978 escape; (3) a disciplinary incident report indicating that plaintiff was found guilty of a violation of Disciplinary Rule 10 with regard to the August 8, 1973 escape. Notably, while this evidence was offered and accepted into evidence at the hearing before the Commissioner for the district court, it was not made a part of the record on appeal.

However, we further note that plaintiff also sought to expand the administrative record at the district court level to include a November 2, 2006 minute entry in docket number XX-XX-XXXX of the Nineteenth Judicial District Court regarding plaintiffs escape charge. The minute entry indicates that plaintiff was found not guilty of the charge of escape. Notably, the DPSC did not object to plaintiff introducing that document into evidence at the hearing before the Commissioner of the district court.