ROBERT JACKSON III,
v.
JAMES K. LEBLANC, SEC. OF DEPT. OF PUB. SAFETY & CORR.; DEPT. OF PUB. SAFETY & CORR.
No. 2009 CA 1131.
Court of Appeals of Louisiana, First Circuit.
February 12, 2010.
Not Designated for Publication
ROBERT JACKSON III, In Proper Person, Plaintiff-Appellant.
WILLIAM L. KLINE, Counsel for Defendants-Appellees, James M. LeBIanc and Louisiana Department of Public Safety and Corrections.
Before: CARTER, C.J., GUIDRY and PETTIGREW, JJ.
GUIDRY, J.
Robert Jackson III, an inmate in the custody of the Department of Public Safety and Corrections (DPSC) and housed at the David Wade Correctional Center in Homer, Louisiana, filed an administrative remedy procedures (ARP) request pursuant to the Corrections Administrative Remedies Procedures Act, La. R.S. 15:1177-1184, contesting the DPSC's failure to grant him good-time credit for time spent in parish prison prior to being convicted and sentenced for the crime of illegal use of weapons or dangerous instrumentalities while committing a crime of violence in violation of La. R.S. 14:94(F). After exhausting the administrative remedies provided, Jackson sought review of the denial of his ARP by the Nineteenth Judicial District Court. A commissioner assigned by the district court to review the matter recommended that Jackson's petition for judicial review be dismissed because Jackson was ineligible to earn good time as a result of being convicted of a crime of violence, being sentenced as a habitual offender, and having committed the crime of violence after September 10, 1977. See La. R.S. 15:571.3(C)(1)-(3). The district court rendered judgment in conformity with the recommendation of the commissioner, which judgment Jackson now appeals.
Judicial review of the decision of the DPSC is provided for in La. R.S. 15:1177. Paragraph (5) of Subsection (A) of that statute confines the district court's review to the record and limits it to the issues presented in the petition for review and the administrative remedy request filed at the agency level. McDowell v. Taylor, 99-1587, p. 4 (La. App. 1st Cir. 6/23/00), 762 So. 2d 1149, 1151.[1] The district court may affirm the decision of the agency, remand the case for further proceedings, or order that additional evidence be taken. La. R.S. 15:1177(A)(8). The court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La. R.S. 15:1177(A)(9).
On review of the district court's judgment under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Williams v. Creed, 07-0614, p. 4 (La. App. 1st Cir. 12/21/07), 978 So. 2d 419, 422, writ denied, 08-0433 (La. 10/2/09), 18 So. 3d 111.
On reviewing the applicable law, we find no error in the district court's judgment. Jackson acknowledges that once he was sentenced to the custody of the DPSC, he was no longer eligible to earn good time. Yet he contends that he was eligible and entitled to earn good-time credits for the time he spent in parish prison while awaiting trial and prior to being sentenced to the custody of the DPSC. Jackson is correct that pursuant to La. R.S. 15:571.3(A),[2] the operator of a parish prison may allow a prisoner to earn good-time credit for time spent in custody prior to the sentence for which credit is to be given, but he fails to recognize that the operator of a parish prison is only allowed to grant such good time when the sentence imposed is without hard labor.
Jackson was found guilty of violating La. R.S. 14:94(F), which crime mandates that any sentence imposed be served at hard labor. Thus, based on the plain wording of the statute, we find that Jackson was not eligible to receive good-time credit for the time he spent in parish prison prior to being sentenced. Moreover, based on this conclusion, we find no merit in Jackson's assertion that the failure to grant him good time for the time spent in parish prison prior to sentencing, and even after he was sentenced to the legal custody of the DPSC, violates his constitutional right to equal protection, which assertion is premised on the conclusion that La. R.S. 15:571.3(A) authorized the operator of the parish prison where he was housed to grant him good time.
We, therefore, affirm the screening judgment of the district court and issue this summary disposition in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.2(A)(2) and (6). Costs of this appeal are assessed to the appellant, Robert Jackson III.
AFFIRMED.
NOTES
[1] In his traversal of the commissioner's recommendation below and on appeal, Jackson submitted an updated copy of his master prison record, printed on October 8, 2008, in which it states "habitual sentence vacated." The decision of the DPSC denying Jackson's ARP was rendered on May 2, 2008. Louisiana Revised Statutes 15:1177(A)(5) limits review by the district court and this court to the record and issues presented at the administrative level. Since the alleged change in Jackson's incarceration status, as indicated in the October 8, 2008 version of Jackson's master prison record, was never presented at the administrative level, it would be improper for this court or the district court to consider such evidence on review. See McDowell, 99-1587 at 5, 762 So. 2d 1151-52; but cf. La. R.S. 15:1177(A)(4) and (8) (wherein the district court could have ordered that the additional evidence be taken before the DPSC or remanded the case to the DPSC).
[2] Paragraph A of La. R.S. 15:571.3 provides:

(1) Every prisoner in a parish prison convicted of an offense and sentenced to imprisonment without hard labor, except a prisoner convicted a second time of a crime of violence as defined by R.S. 14:2(B) or when the sentencing court has denied or conditioned eligibility for "good time" as provided in R.S. 15:537, may earn a diminution of sentence, to be known as "good time", by good behavior and performance of work or self-improvement activities, or both. The amount of diminution of sentence allowed under this Paragraph shall be at the rate of thirty days for every thirty days in actual custody, except for a prisoner convicted a first time of a crime of violence, as defined in R.S. 14:2(B), who shall earn diminution of sentence at the rate of three days for every seventeen days in actual custody, including in either case time spent in custody with good behavior prior to sentence for which the prisoner is given credit.
(2) The sheriff of the parish in which the conviction was had shall have the sole authority to determine when good time has been earned in accordance with the sheriffs regulations and the provisions of this Section.
(3) In the event that the prisoner is confined in a parish or multiparish correctional facility not operated by the sheriff, the superintendent of the correctional facility shall have the sole power to determine when good time has been earned or when diminution of sentence may be allowed in accordance with the provisions of this Section. [Emphasis added.]