PETTIGREW, J.
 

 ly.This action was filed by an inmate seeking judicial review of a disciplinary decision made by the Louisiana Department of Public Safety and Corrections (“DOC”). The district court, upon recommendation of the commissioner, rendered judgment in favor of DOC and against the inmate, dismissing the inmate’s suit without prejudice, at his cost. From this judgment, the inmate now appeals to this court.
 

 FACTS
 

 Petitioner, Gregory Jeanlouis, an inmate at Louisiana State Penitentiary (“LSP”) at Angola, Louisiana, initially filed a request for Administrative Remedy Procedure (“ARP”) on December 1, 2006. Mr. Jean-louis, who is allegedly afflicted with Hepatitis C, alleged therein that on November 29, 2006, he was “abruptly [refused] ... life-saving treatment as retaliation for ... availing [himself of] the ARP process on November 21, 2006, only five (5) weeks into an 11-month [treatment] plan.”
 

 
 *939
 
 In response to his ARP request, Mr. Jeanlouis received a First Step Response Form dated March 7, 2007, from Assistant Warden Haydel, who found that on November 27, 2006, Mr. Jeanlouis had “signed a refusal form.” Assistant Warden Haydel further stated that Mr. Jean-louis had been “explained the risk in not receiving proper treatment by our Hepatitis Specialist. Since this time [Mr. Jean-louis was] transfered [sic] back to LSP.”
 

 On April 5, 2007, Mr. Jeanlouis filed a request for a Second Step review. Mr. Jeanlouis received a Second Step Response Form dated May 23, 2007, from Linda Ramsay, designee of DOC Secretary, Richard Stalder. In her response, Ms. Ramsay stated, in pertinent part, as follows:
 

 Your statements have been considered as wed as your medical records. After a thorough review of all pertinent documentation, we find that you received continuous medical evaluations and treatment for your Hepatitis condition since 1998. The medical staff has addressed your concerns in an appropriate manner and in accordance with Health Care Policy # B-06-001. Medical opinion is controlling. The care you have received as well as the care you will continue to receive from the medical staff is determined adequate for your health care concerns. As such, this office has accepted staffs position in this matter and concurs with the response provided at the First Level. Therefore, administrative intervention is not forthcoming.
 

 Your request for relief is denied.
 

 ^ACTION OF THE DISTRICT COURT
 

 Having exhausted his administrative remedies, Mr. Jeanlouis filed a Petition for Judicial Review in the Nineteenth Judicial District Court on July 20, 2007. Secretary of DOC, Richard Stalder; Warden of Elayn Hunt Correctional Center, Connell Hubert; Director of Mental Health, Danny Williamson; Five nurses or “Jane Does”; N.P. Joni Niclews; Ms. Smith; and Stephanie Slaughter were all named as defendants in the suit filed by Mr. Jeanlouis. The basis of Mr. Jeanlouis’ suit is that he received inadequate medical treatment and has been subjected to harassment or retaliation by the medical or other prison staff in attempting to obtain medication and treatment for Hepatitis C and related medical conditions. Mr. Jeanlouis moved for, and was granted, the right to proceed
 
 informa pauperis.
 

 The DOC filed the administrative record, # EHCC-2007-170, into the record as “Exhibit A,” and following issuance of an order for a medical supplement, the DOC filed “Exhibit B” in compliance therewith. The district court thereafter issued orders concerning briefs to the parties, and a report by the commissioner followed.
 

 Following a review of the claim filed by Mr. Jeanlouis, and a
 
 de novo
 
 consideration of the entire record, the Nineteenth Judicial District Court agreed with the commissioner’s findings, which the court adopted as its reasons, and dismissed, without prejudice, Mr. Jeanlouis’ suit. Mr. Jeanlouis thereafter moved for a devolu-tive appeal to this court.
 

 ISSUES ON APPEAL
 

 In connection with his appeal in this matter, Mr. Jeanlouis filed a rambling 68-page recitation of events that have taken place during his incarceration; however, it is unclear as to the particular relief sought by Mr. Jeanlouis. It is evident that Mr. Jeanlouis is dissatisfied with the medical treatment he has received in prison, and claims he has been harassed or retaliated against by the medical or other prison staff in his attempts to obtain his proper medication and treatment for Hepatitis C and related medical conditions.
 

 
 *940
 
 DISCUSSION
 

 This court discussed the administrative review procedure provided for in the Corrections Administrative Remedy Procedure Act (CARP), La. R.S. 15:1171,
 
 et seq.
 
 in
 
 Lightfoot v. Stalder,
 
 00-1120 (La.App. 1 Cir. 6/22/01), 808 So.2d 710;
 
 writ denied,
 
 01-2295 (La.8/30/02), 823 So.2d 957:
 

 Through the Corrections Administrative Remedy Procedure Act, LSA-R.S. 15:1171,
 
 et seq.,
 
 the prison systems were given authority to adopt procedures for offenders to produce evidence to substantiate their claims.
 
 Blackwell v. Louisiana Department of Public Safety and Corrections,
 
 96-0954, p. 6 (La.App. 1 Cir. 2/14/97); 690 So.2d 137, 141,
 
 writ denied,
 
 97-1158 (La.9/5/97); 700 So.2d 507. A simple review of the Act evidences that its procedures are designed primarily as an internal investigative and information-gathering mechanism, a function of particular importance in the prison setting, since most, if not all, of the evidence is at the prison itself.
 
 Blackwell,
 
 96-0954 at p. 9; 690 So.2d at 142.
 

 [[Image here]]
 

 The Corrections Administrative Remedy Procedure promotes the State’s interest in prompt and fair internal resolution of inmate grievances and, consequently, does not violate an inmate’s right to substantive due process.
 
 Blackwell,
 
 96-0954 at p. 11; 690 So.2d at 143. Furthermore, an inmate’s right to procedural due process is satisfied by the availability of judicial review.
 
 Blackwell,
 
 96-0954 at p. 11; 690 So.2d at 143.
 

 Pursuant to the Corrections Administrative Remedy Procedure Act, review of a decision by the [DOC] made in the course of the Corrections Administrative Remedy Procedure shall be conducted by the court without a jury and shall be confined to the record. The review shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. LSA-R.S. 15:1177(A)(5).
 

 Thus, under the statutory framework of the Corrections Administrative Remedy Procedure Act, the opportunity for the parties to present evidence occurs at the administrative level, not at the trial court level, and review by the trial court is limited to the record established at the administrative level, absent alleged irregularities in the procedure.
 
 See
 
 LSA-R.S. 15:1177(A)(5).
 

 Lightfoot,
 
 00-1120, at 5-6, 808 So.2d at 715,
 
 quoting Robinson v. Stalder,
 
 98-0558, pp. 3-4 (La.App. 1 Cir. 4/1/99); 734 So.2d 810, 811-812.
 

 In our previous opinion in
 
 Lightfoot,
 
 this court further noted:
 

 The standard for judicial review by the district court is set forth, in pertinent part, in La. R.S. 15:1177(A)(9), which provides:
 

 The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 

 (a) In violation of constitutional or statutory provisions.
 

 (b) In excess of the statutory authority of the agency.
 

 (c) Made upon unlawful procedure.
 

 (d) Affected by other error of law. |B(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
 

 (f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to
 
 *941
 
 judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
 

 Lightfoot,
 
 00-1120, at 6, 808 So.2d at 715-716.
 

 In a report to the district court, the commissioner recommended that the decision by DOC be affirmed, and Mr. Jean-louis’ suit be dismissed without prejudice at his costs. The commissioner further stated:
 

 At the outset, I note that this claim is one that is more properly to be filed as an ordinary complaint in the mandatory venue of the prison to which [Mr. Jean-louis] was assigned when his current complaint arose. This claim for additional medical treatment is one that, to be fairly and fully considered, requires additional evidence, including, but not limited to medical testimony regarding the standard of care in the community, which cannot be adequately flushed out or provided in an administrative appeal.
 

 Nevertheless, I have reviewed the limited record herein, and make the following findings on the complaint, which I suggest will have no binding effect on any ordinary suit pending or filed on the same claims since this Court’s appellate review is severely curtailed by the limitations inherent by such a procedure. Any findings made herein will be made solely on the administrative record submitted, which is obviously devoid of any testimony or confrontation of witnesses or discovery by the parties.
 

 The [DOC] considered [Mr. Jean-louis’] complaint that he was not receiving proper medical treatment and his claim that he was being retaliated against by (unnamed) prison personnel and unidentified ways [sic], and denied any administrative intervention on May 23, 2007. The record submitted for review included numerous medical records from the prison, but many, if not most, were hand written notations and were either illegible or unintelligible. In order to fairly consider [Mr. Jeanlouis’] claim, this Court ordered the [DOC] to submit a narrative chronology and statement from the treating physician addressing the medical treatment that Mr. Jeanlouis has received and his complaint in particular. In that supplement, the prison medical director, Dr. Raman Singh, reviewed the medical documents in [Mr. Jeanlouis’] file in regard to his complaint that he is not receiving proper treatment or medication for Hepatitis C. He noted that Mr. Jeanlouis has been evaluated in the LSU Hepatitis Clinic, wherein his liver function was determined to be normal in June 2002. In 2003, he as [sic] again evaluated at the Clinic and he apparently refused the lab work. He was rescheduled for followups and [sic] in 2005 and 2006, where he was seen at the EHCC Hepatitis Clinic (also run by LSU). As late as 2006, his liver enzymes remain at a normal level. On at least one occasion, the record shows that [Mr. Jeanlouis] did not show up for his | (¡scheduled follow-up and that on two occasions, the records show that he refused to allow blood labs.
 

 [[Image here]]
 

 In Dr. Singh’s medical opinion, the treatment [Mr. Jeanlouis] received meets the standard of medical care for Hepatitis C-that being treatment with Interferon injections. But because the treatment can and does sometimes cause problems in the thyroid as well as psychiatric symptoms, when these side effects occur, Dr. Singh states that further treatment is “contraindicated.”
 

 My review of the evidence in this administrative record shows that [Mr. Je-anlouis] did not offer any evidence in it
 
 *942
 
 to show that his constitutional rights have been violated or that others with the same symptoms as he are being treated adequately while he is not. There are no statements in the record other than [Mr. Jeanlouis’] and no evidence to support that prison personnel — medical or otherwise — has been guilty of retaliation or mistreatment. In fact, the only evidence in the record are the medical records previously referred to and Dr. Singh’s chronology of events based on those records.
 

 Given the Court’s limited knowledge of Hepatitis C treatment and the fact that the evidence in the record does not show abuse of discretion by the Doctors or the prison personnel, this Court is constrained to affirm the [DOC’s] decision not to offer any additional relief than that being given currently by the medical department. The burden is on [Mr. Jeanlouis] even in a medical claim to show
 
 in the record
 
 that he is entitled to additional medical or administrative relief.
 

 My review of this record shows that [Mr. Jeanlouis] has failed to show that he has been harassed, retaliated against, or intentionally deprived of proper medical treatment. But as I stated previously, reviewing a medical claim in an administrative record limits the Court’s ability to obtain the best and most inclusive evidence, including testimony and discovery at a minimum. Such claims are based on delictual actions of prison personnel and are governed by the PLRA and the mandatory venue applicable — which is not this Court. This Court sits as an appellate court only on such complaints. Thus, given the limitations on review, dismissal without prejudice is appropriate. [Footnotes omitted].
 

 Upon our review of the record in this matter, we agree with the findings of the commissioner, and find no error in the district court’s dismissal without prejudice of Mr. Jeanlouis’ petition for judicial review.
 

 CONCLUSION
 

 For the above and foregoing reasons, the judgment of the district court is hereby affirmed. All costs associated with this appeal are assessed against petitioner/appellant, Gregory Jeanlouis.
 

 AFFIRMED.