NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0833

CALVIN THOMAS

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY &
CORRECTIONS

*DATE OF JUDGMENT:*     **FEB 2 2 2021**

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
NUMBER 686397, SECTION 23, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

HONORABLE WILLIAM A. MORVANT, JUDGE

* * * * * *

Calvin Thomas
Homer, Louisiana

Petitioner-Appellant
Calvin Thomas, Pro Se

Susan Wall Griffin
Baton Rouge, Louisiana

Counsel for Defendant-Appellee
Louisiana Department of Public
Safety & Corrections

* * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

Disposition: **AFFIRMED.**

**CHUTZ, J.**

Appellant, Calvin Thomas, is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC) at the Wade Correctional Center (Wade). He appeals the dismissal of his petition for judicial review of DPSC's denial of his request for an HIV/AIDS test. We affirm.

In January 2019, Thomas filed Administrative Remedy Procedure (ARP) No. DWCC-2019-0055, in which he asserted he was denied proper medical care and/or treatment. Specifically, Thomas complained DPSC refused to test him for HIV/AIDS, which he had "a strong indication" he may have contracted. He requested an HIV/AIDS test administrated by an outside medical person ("to circumvent any deceptiveness in [the] testing process"), as well as compensatory and punitive damages for negligence in the event he tested positive for HIV/AIDS. According to Thomas, he requested the HIV/AIDS test because he believed he may have contracted a disease during a bloody altercation he had in February 2015 with an inmate who allegedly was very ill.[1]

After reviewing Thomas' ARP request with "appropriate medical staff," DPSC denied the requested relief. DPSC noted Thomas' medical records showed he was given an HIV/AIDS test in July 2014, with negative results. Following the February 2015 altercation, Thomas sent correspondence to DPSC medical personnel in May 2015 requesting an HIV/AIDS test. He was instructed to follow the proper procedure of submitting a "sick call" requesting the test. However, Thomas' medical records contain no further request for an HIV/AIDS test until September 2018. In response to that request, a physician reviewed Thomas' request, but did not order

---

[1] Thomas alleged the other inmate involved in the altercation was subsequently transferred from Wade to another facility for medical treatment unrelated to injuries sustained in the altercation, but provided no evidence regarding the alleged transfer.

2

any test for him. Based on these facts, DPSC concluded Thomas' request "has been appropriately addressed by medical staff."

Thomas requested a review of the decision, and DPSC again denied his request for relief in its second-step response. DPSC explained that "[m]edical opinion is controlling," and Thomas' request for an HIV/AIDS test was denied by a physician "after reviewing [Thomas'] medical record." DPSC further noted that Thomas "failed to provide any evidence to substantiate" his allegations.

Thomas then filed a petition for judicial review of DPSC's decision in the 19th Judicial District Court (19th JDC). DPSC filed an answer, in which it asserted a physician aware of the medical conditions of Thomas and other offenders at Wade reviewed Thomas' medical chart and found "no medical justification for a new HIV test."

After reviewing this matter in accordance with La. R.S. 15:1177A,[2] a 19th JDC Commissioner issued a report recommending Thomas' petition be dismissed for the following reasons:

> The burden of proof in any civil administrative appeal is with the Petitioner, and although Petitioner filed a traversal to [DPSC's] Answer, contending that [DPSC's] decision to deny his request for a new HIV test violates La. R.S. 15:831 (C), this Commissioner notes that La. R.S. 15:831 (C) grants [DPSC's] Secretary the *discretion* to order that an inmate be tested for a contagious disease if the inmate has been in an altercation and there is reason to believe that an exchange of bodily fluids between the inmate and another person has taken place. Moreover, this Commissioner reiterates [DPSC's] position that "medical opinion is controlling." ... The record shows that after review of Petitioner's medical records and with knowledge of Petitioner's medical conditions[,] as well as the conditions of other offenders at [Wade], the treating physician determined that another HIV test for Petitioner was not warranted.

---

[2] Pursuant to La. R.S. 15:1177A(9), a reviewing court may reverse or modify an administrative decision only if substantial rights of the appellant have been prejudiced because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious or characterized by an abuse of discretion or unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record.

In view of these facts, this Commissioner finds that [DPSC's] decision is rationally based, especially in light of the Petitioner's failure to provide any evidence in his petition that shows the final agency decision was arbitrary, capricious or manifestly erroneous pursuant to La. R.S. [15:]1177(A) (5) & (9). Without any evidence in support of his claim, this Court is bound by law to affirm [DPSC's] decision based on the administrative record submitted. [Footnotes omitted.]

After reviewing the record *de novo*, the district court signed a judgment on July 10, 2020, dismissing Thomas' petition for judicial review, with prejudice. The district court adopted the Commissioner's report as its reasons for judgment. Thomas appealed, arguing he is entitled to an HIV/AIDS test as a preventive measure pursuant to La. R.S. 15:831.[3]

Under Louisiana law, prison authorities owe a duty to provide inmates with reasonable medical care. *Robinson v. Stalder*, 98-0558 (La. App. 1st Cir. 4/1/99), 734 So.2d 810, 812; *Hollyfield v. Hurst*, 796 Fed. Appx. 817, 821 (5th Cir. 2019). Generally, a petitioner who claims he was not provided with reasonable medical care will be unable to sustain his burden of proof without expert evidence. See *Hollyfield*, 796 Fed. Appx. at 821.

In this case, after thoroughly reviewing the record before us, we find no error in the district court's judgment dismissing Thomas' petition for judicial review. In situations where an inmate has been involved in a bloody altercation, La. R.S. 15:831(C) does not mandate that the inmate be tested for contagious diseases. Rather, La. R.S. 15:831(C) grants discretion to DPSC's Secretary concerning whether to order such testing. In this case, Thomas' request for an HIV/AIDS test

---

[3] In pertinent part, La. R.S. 15:831 provides as follows:

A. The secretary of the Department of Public Safety and Corrections shall establish and shall prescribe standards for health, medical, and dental services for each institution, **including preventive, diagnostic, and therapeutic measures** on both an outpatient and a hospital basis, for all types of patients. ...

\*\*\*

C. The secretary **may order** that an inmate be tested for a contagious disease if the inmate has been in an altercation and there is reason to believe that an exchange of bodily fluids between the inmate and another person has taken place. ... [Emphasis added.]

4

was reviewed by a physician familiar with Thomas' medical records. Based upon his review, the physician declined to order the requested test. Thomas presented no evidence showing the physician's medical opinion was unreasonable or that an HIV/AIDS test was medically justified. It was not unreasonable for DPSC to defer to the physician's medical opinion regarding whether an HIV/AIDS test was warranted under the circumstances. Accordingly, we find no error in the Commissioner's finding, which was adopted by the district court, that DPSC's decision to deny the requested test was "rationally based" and was not arbitrary, capricious, manifestly erroneous, or a violation of Thomas' statutory or constitutional rights. Thomas failed to establish any basis upon which he was entitled to relief.

Accordingly, the judgment of the district court is hereby affirmed. All costs of this appeal are assessed to Calvin Thomas.

**AFFIRMED.**